UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| SHERRY SMITH | ) | No. 2:11-cv-53 |
| | ) | |
| Plaintiff, | ) | (Mattice/Carter) |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

This action was instituted pursuant to 42 U.S.C. §§ 405 (g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security denying the plaintiff supplemental security income under Title XVI of the Social Security Act.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure for a Report and Recommendation regarding the disposition of:

(1)  The plaintiff's motion for summary judgment (Doc. 8).

(2)  The defendant's motion for summary judgment (Doc. 10).

For the reasons stated herein, I RECOMMEND the decision of the Commissioner be AFFIRMED.

Plaintiff's Age and Past Relevant Work Experience

Plaintiff was born in 1959 and was 50 years old at the time of the ALJ's decision (Tr. 39, 83). Plaintiff had past relevant work as a server and a sitter (Tr. 56, 184).

Applications for Benefits and Findings

Plaintiff filed an application for Supplemental Security Income (SSI) on February 26, 2008 (Tr. 83). Her application was denied initially and upon reconsideration (Tr. 84, 92). Plaintiff requested a hearing before an administrative law judge (ALJ), who issued a decision, dated November 19, 2009, finding that Plaintiff was not disabled (Tr. 31-39). The ALJ found Plaintiff had not engaged in substantial gainful activity since February 26, 2008, the application date; was a younger individual on the date the application was filed; had at least a high school education; and had severe impairments of disorder of the left knee, diabetes, hypertension, an affective disorder, and an anxiety disorder; but did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. The ALJ determined Plaintiff had the residual functional capacity to perform less than a full range of light work; could only occasionally perform postural activities (including climbing, balancing, stooping, kneeling, crouching, or crawling); could not perform activities involving the climbing of ropes, scaffolds, or ladders; should not be exposed to hazardous machinery or unprotected heights; was limited to simple, routine, repetitive work; and was better with things than people. The ALJ further determined Plaintiff was unable to perform any past relevant work, but could have performed other jobs that existed in significant numbers in the national economy. Thus, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, since the date the application was filed (Tr. 31-39).

Plaintiff timely pursued her administrative remedies, and this case is now ripe for review under 42 U.S.C. § 1383(c)(3).

<u>Standard of Review - Findings of ALJ</u>

Disability is defined as the inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A). The burden of proof in a claim for social security benefits is upon the claimant to show disability. *Barney v. Sec'y of Health & Human Servs.*, 743 F.2d 448, 449 (6th Cir. 1984); *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980); *Hephner v. Mathews*, 574 F.2d 359, 361 (6th Cir. 1978). Once the claimant makes a prima facie case that she cannot return to her former occupation, however, the burden shifts to the Commissioner to show that there is work in the national economy which claimant can perform considering her age, education, and work experience. *Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975). "This Court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997)). If there is substantial evidence to support the Commissioner's findings, they should be affirmed, even if the Court might have decided facts differently, or if substantial evidence also would have supported other findings. *Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996); *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). The Court may not re-weigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard allows considerable latitude to administrative decision makers because it presupposes there is a zone of choice within which the

decision makers can go either way, without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986).

As the basis of the administrative decision of November 19, 2009, that plaintiff was not disabled, the ALJ made the following findings:

1. The claimant has not engaged in substantial gainful activity since February 26, 2008, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: disorder of the left knee, diabetes, hypertension, an affective disorder and an anxiety disorder (20 CFR 416.920(c).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than a full range of light work as defined in 20 CFR 416.967(b). She can only occasionally perform postural activities (including climbing, balancing, stooping, kneeling, crouching or crawling); she cannot perform activities involving the climbing of ropes, scaffolds or ladders; and she should not be exposed to hazardous machinery or unprotected heights. She is also limited to simple routine, repetitive work and she is better with things than people.

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

6. The claimant was born on _____, __ 1959 and was 48 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant's

4

> past relevant work is unskilled (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since February 26, 2008, the date the application was filed (20 CFR 416.920(g)).

## Review of Evidence

### Reports and Testimony

Plaintiff reported that she can do light housekeeping chores without assistance and is also able to do errands such as going to the post office or grocery store without assistance (Tr. 195). Additionally, Plaintiff stated that she washes dishes, does laundry, and prepares sandwiches and microwave meals for herself (Tr. 52-53, 176, 178, 217). Further, Plaintiff drives, watches races once per week, and visits her mother and grandchildren 2-3 times per week (Tr. 179, 256).

### Medical Evidence

Plaintiff received treatment at Holston Valley Medical Center on June 11, 2007, due to left knee pain. Plaintiff was given a knee immobilizer (Tr. 276).

Plaintiff received treatment at Church Hill Free Medical Clinic from October 12, 2006 through May 27, 2008. Treatment was rendered for poorly controlled diabetes, poorly controlled hypertension, bipolar disorder, chronic left knee pain and swelling, left foot lesion, right elbow pain, headaches, reflux, chronic back pain, wheezing, upper respiratory infection, and urinary tract infection (Tr. 290-296, 304-306).

Plaintiff received mental health treatment at Frontier Health from November 17, 2006 through July 25, 2008. Problems noted during treatment include difficulty concentrating,

5

depression, anxiety, and panic attacks.

On July 28, 2008, a reviewing state agency psychologist found in the Summary Conclusions section of the report that Plaintiff is moderately limited in seven mental activities: in her ability to understand, remember, and carry out detailed instructions; to maintain attention and concentration for extended periods; to work in coordination with or proximity to others without being distracted by them; to interact appropriately with the general public; to accept instructions and respond appropriately to criticism from supervisors; and to respond appropriately to changes in the work setting. The report also found Plaintiff not significantly limited in eleven mental activities. In the Functional Capacity Assessment section of the report, Dr. Breslin opined Plaintiff can understand, remember, and follow simple one-two step instructions; she can attend to tasks for two hours; contact with peers should be casual and informal; there should be no intensive interaction with groups of the public; she can interact appropriately with peers in the workplace; she can accept direct and non-confrontational correction; and she can adapt to change introduced in a gradual, low stress manner (Tr. 307-309, 312-322).

On August 1, 2008, a reviewing state agency physician opined Plaintiff can lift/carry a maximum of 20 pounds occasionally, ten pounds frequently; can stand/walk for a total of about six hours in an eight-hour workday; can sit for a total of about six hours in an eight-hour workday; can never climb ladders, ropes, or scaffolds; and can occasionally climb ramp/stairs, balance, stoop, kneel, crouch, and crawl (Tr. 323-327). On September 23, 2008, a reviewing state agency physician opined Plaintiff's physical impairments, singly and combined, are non-severe (Tr. 330-333).

On October 24, 2008, a reviewing state agency psychologist made the following Summary Conclusions: Plaintiff is moderately limited in five areas of mental activity; her

6

ability to maintain attention and concentration for extended periods; to complete a normal workday and workweek without interruptions from psychologically based symptoms; to perform at a consistent pace without an unreasonable number and length of rest periods; to interact appropriately with the general public; to get along with coworkers or peers without distracting them or exhibiting behavioral extremes; and to respond appropriately to changes in the work setting. She was not significantly limited in 15 areas of mental activity. Her Functional Capacity Assessment was: able to understand and remember simple and detailed [instructions]; able with some difficulty to maintain attention, concentration, persistence and pace; able with some difficulty to interact appropriately with the general public and with others with behavioral extremes; and able with some difficulty, to adapt to changes (Tr. 334-350).

Plaintiff continued treatment at Frontier Health from September 26, 2008 through May 19, 2009, during which time she was suffering depression, anxiety, and poor energy level (Tr. 351-357).

Plaintiff received treatment at Tennessee Department of Health on a few occasions from May 8, 2007 through January 21, 2009. Conditions and complaints noted include back problems, knee problems, bipolar disorder, boil, and fibrocystic breast changes (Tr. 360-379).

Plaintiff continued treatment at Church Hill Free Medical Clinic from January 13, 2009 through May 7, 2009, due to diabetes mellitus, chronic left knee pain, hypertension, neuropathy, fatty liver, and dyslipidemia (Tr. 382-391).

Plaintiff received treatment at Centerpointe Medical Clinic from October 6, 2008 through June 9, 2009. The records are difficult to decipher. (Tr. 400-405).

Vocational Expert Testimony

Ms. Sanders, a VE, testified at the hearing (Tr. 56-60. As a result of the RFC finding and the testimony of the VE, the ALJ reached the following conclusion:

> If the claimant had the residual functional capacity to perform the full range of light work, a finding of "not disabled" would be directed by Medical-Vocational Rule 202.20. However, the claimant's ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations. To determine the extent to which these limitations erode the unskilled light occupational base, the Administrative Law Judge asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity. The vocational expert testified that given all of these factors the individual would be able to perform the requirements of representative occupations such as cafeteria line workers, dishwashers, a part range of cleaners, a laundry attendant and part range of jobs in food preparation. There are 12,200 of these jobs in the regional economy and 2 million in the national economy. These jobs represent a significant number in the regional and national economy.
>
> Pursuant to SSR 00-4p, the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles.
>
> Based on the testimony of the vocational expert, the undersigned concludes that, considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of "not disabled" is therefore appropriate under the framework of the above-cited rule.

Tr. 38

## Issues Raised

Plaintiff argues the decision of the ALJ is not supported by substantial evidence.

## Analysis

Plaintiff bears the ultimate burden of establishing that she is disabled. See 20 C.F.R. § 416.912(a); *see also Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001); *Bogle v. Sullivan*, 998

8

F.2d 342, 347 (6th Cir. 1993). The ALJ determined that Plaintiff could not perform her past relevant work (Tr. 37). However, based on testimony from a VE, in conjunction with the Medical-Vocational Guidelines, the ALJ determined that there were a significant number of jobs in the national economy that Plaintiff could perform (Tr. 37). For the reasons that follow, I conclude the Commissioner's determination is supported by substantial evidence and was decided by the proper legal standards.

<u>Substantial Evidence Supports the ALJ's Physical and Mental RFC Determination.</u>

As the Commissioner argues, Plaintiff does not challenge the ALJ's physical RFC determination (*See* Doc. 10, Plaintiff's Brief at 5-9.) Thus, Plaintiff has effectively conceded that the ALJ's physical RFC determination was proper. *See United States v. Moore*, 376 F.3d 570, 576 (6th Cir. 2004) (stating that the "normal practice" is to decline to address issues not raised in a party's opening brief); *see also McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." (Citation and quotation marks omitted)). Further, the record contains an August 1, 2008, RFC assessment of a state agency physician, Mary Payne, who concludes Plaintiff is capable of light work (Tr. 323-327). In September of 2008, A DDS Medical Consultant Analysis by Louise Patakis, MD, concludes Plaintiff's physical impairment was nonsevere (Tr. 330-333). The physical RFC determination is therefore supported by substantial evidence. Now, I will turn to the issue related to Plaintiff's mental impairments.

The ALJ found that Plaintiff's mental impairments limited her to simple, routine,

9

Case 2:11-cv-00053-HSM-WBC   Document 12   Filed 01/12/12   Page 9 of 15   PageID #: 60

repetitive work and further noted that Plaintiff would work better with things rather than people (Tr. 35). In making this determination, the ALJ considered the reports concerning Plaintiff's mental health treatment at Holston Counseling Services (Holston) (Tr. 36). As the ALJ explained, these reports indicated that while Plaintiff had a depressed, nervous, or anxious mood at times, her mental problems were generally unremarkable (Tr. 36, 298-303, 311, 355-57). The Holston physicians, Charles E. Gaines, D.O. and James M. Turnbull, M.D., consistently found that Plaintiff's thoughts were logical and goal-directed (Tr. 298-303, 311, 355-57). Dr. Gaines found that Plaintiff was alert and oriented with good insight and judgment (Tr. 298, 311, 355-57). On several occasions, Drs. Gaines and Turnbull reported either that Plaintiff presented no evidence of depression or that Plaintiff was in a good mood (Tr. 299-303, 356-57). As the Commissioner argues, the reports of Drs. Gaines and Turnbull support the ALJ's finding that Plaintiff was not so severely limited that she could not perform simple, routine, repetitive work, particularly if such work involved dealing with things rather than people.

Plaintiff argues that the ALJ failed to consider the findings of the state agency medical consultants (Doc. 9, Plaintiff's Brief at 6-7). However, the ALJ assigned significant weight to the state agency medical consultants' opinions and concluded those opinions supported his RFC finding (Tr. 37).

Drs. Breslin and Joslin both completed Mental Residual Functional Capacity Assessments. In section I of the MRFC Assessment is entitled "Summary Conclusions," and it is defined as "merely a worksheet to aid in deciding the presence and degree of functional limitations and the adequacy of the documentation and does not constitute the RFC assessment."

Social Security Administration's Program Operations Manual System (POMS) DI 24510.060.[1] Section III of the MRFC Assessment form is entitled "Functional Capacity Assessment" and "is for recording the mental RFC determination. It is in this section that the actual mental RFC assessment is recorded, explaining the conclusions indicated in section I, in terms of the extent to which these mental capacities or functions could or could not be performed in work settings." POMS DI 24510.060. A Doctor's indication that Plaintiff had "moderate" limitations in section I of the MRFC Assessment was merely a preliminary finding used to make her RFC determination in section III. And, it was not appropriate or necessary for the ALJ to include these limitations in his RFC finding, contrary to Plaintiff's contention, because the assessment is found in section III.

Frances Breslin, Ph.D., found in the Summary Conclusions section of the report that Plaintiff was moderately limited in the following seven areas of mental activity: the ability to understand, remember, and carry out detailed instructions; the ability to maintain attention and concentration for extended periods; the ability to work in coordination with or proximity to others without being distracted by them; the ability to interact appropriately with the general public; the ability to accept instructions and respond appropriately to criticism from supervisors; and the ability to respond appropriately to changes in the work setting. He found Plaintiff not significantly limited in eleven areas of mental activity (Tr. 307-08). Dr. Breslin found, in the Functional Capacity Assessment portion of his report, that despite these limitations, Plaintiff could understand, remember, and follow simple 1-2 step instructions, attend to tasks for at least 2

---

[1]POMS is the means for issuing official Agency policy and operating instructions regarding the Agency's programs. See POMS AO 10020.010.

hours, and maintain an acceptable work schedule and casual and informal contact with peers. Dr. Breslin also opined that while Plaintiff could not have intensive interaction with the public, she could interact appropriately with peers in the workplace. Further, Dr. Breslin found that Plaintiff could accept direct and non-confrontational correction and could adapt to change introduced in a gradual, low stress manner (Tr. 309). I therefore conclude the ALJ's determination that Plaintiff could perform simple, routine, repetitive work, particularly work that required more involvement with things than people, was consistent with Dr. Breslin's findings.

The ALJ's mental RFC assessment was also consistent with the findings of Rebecca Joslin, Ed.D., Ph.D. Dr. Joslin found in the Summary Conclusions section of her report that Plaintiff was moderately limited in the following five areas of mental activity: the ability to maintain attention and concentration for extended periods; the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; the ability to interact appropriately with the general public; the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes; the ability to respond appropriately to changes in the work setting. Dr. Joslin found Plaintiff not significantly limited in fifteen other areas of mental activity (Tr. 348-49). Plaintiff argues the ALJ did not even mention these limitations or explain why they were not in his mental RFC conclusion (Doc 9, Plaintiff's brief p. 6). However, Dr. Joslin also opined, in the Functional Capacity Assessment section of her report, that despite these difficulties, Plaintiff was able to maintain attention, concentration, persistence, and pace, interact appropriately with the general public and with others, adapt to changes, and understand and to remember simple and detailed instructions (Tr.

350). Therefore, the ALJ's mental RFC assessment was consistent with Dr. Joslin's opinion. I conclude the Holston records and the opinions of Drs. Breslin and Joslin support the ALJ's mental RFC assessment.

Plaintiff argues that the ALJ's mental RFC determination was improper because it did not specifically follow the RFC finding of a medical source. Plaintiff cites cases from other Circuits to support his position that the failure to consider all of the evidence of record requires reversal or remand (Doc. 9, Plaintiff's Brief at 7-9). However, I do not conclude that to be the law in the 6th Circuit. An ALJ is not required to discuss each and every piece of evidence. This Court can consider all of the evidence in the record as a whole and determine if there is substantial evidence in light of all the evidence to support the ALJ's decision. *See Heston v. Commissioner of Social Security*, 245 F.3d 528, at 535,536 (6th Cir 2005); *Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989) (Secretary need not address every piece of evidence in the record); *Johansen v. Barnhart*, 314 F.3d 283, 287 (7th Cir. 2002) ("Though the ALJ need not address every piece of evidence, he must articulate, at some minimum level, his analysis of the record so that the reviewing court can follow his reasoning."). An ALJ is not required "to recite the medical opinion of a physician verbatim in his [RFC] finding." *Poe v. Comm'r of Soc. Sec.*, No. 08-5912, 342 F. App'x 149, 157 (6th Cir. Aug. 18, 2009). Indeed, an RFC assessment is an administrative finding reserved for the ALJ's determination. *See* 20 C.F.R. § 416.927(e); Social Security Ruling (SSR) 96-5p, 1996 WL 374183 (S.S.A.).[2] In this case I conclude the ALJ appropriately considered all of the evidence

---

[2] Plaintiff cites 20 C.F.R. § 416.946(a) to support her argument that the ALJ erred because his mental RFC assessment "was not formulated by a physician." *See* Pl.'s Br. at 8. However, 20 C.F.R. § 416.946(a) only applies when a state agency is making the disability determination.

13

of record and rendered a mental RFC assessment, which, as discussed above, was supported by substantial evidence. *See* 20 C.F.R. § 416.945(a)(3) (stating that RFC assessments should be "based on all of the relevant medical and other evidence").

Plaintiff's suggestion that the ALJ erred in failing to order a consultative examination also lacks merit (Doc 9, Plaintiff's Brief at 8-9). An ALJ is not required to order a consultative examination if the record contains sufficient evidence for him to make a disability determination. See 20 C.F.R. § 416.917; *Landsaw v. Sec'y of Health & Human Servs.,* 803 F.2d 211, 214 (6th Cir. 1986); *Lovelace v. Astrue*, No. 2:10-CV-109, 2011 WL 2670450, at *3 (E.D. Tenn. July 7, 2011). Here, the ALJ was able to render a proper disability determination based on the Holston records, which detailed Plaintiff's mental health treatment, and the opinions of Drs. Breslin and Joslin. Therefore, I conclude a consultative examination was not necessary.

Conclusion

Having carefully reviewed the administrative record and the briefs of the parties filed in

---

See 20 C.F.R. § 416.946(a). When, as here, an ALJ makes the disability determination, the ALJ is responsible for assessing the claimant's RFC. *See* 20 C.F.R. § 416.946(c).

14

support of their respective motions, I conclude that there is substantial evidence in the record to support the findings of the ALJ and the decision of the Commissioner denying the plaintiff's application for benefits. Accordingly, I RECOMMEND:

(1)  The plaintiff's motion for summary judgment (Doc. 8) be DENIED;
(2)  The defendant's motion for summary judgment (Doc. 10) be GRANTED;
(3)  A judgment be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure AFFIRMING the Commissioner's decision which denied benefits to the plaintiff; and,
(4)  This action be DISMISSED. [3]

S/*William B. Mitchell Carter*
UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file of objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 149, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

Case 2:11-cv-00053-HSM-WBC   Document 12   Filed 01/12/12   Page 15 of 15   PageID #: 66